# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. A06-00081-DMD<br><br>KARSTEN P. RODVIK,<br><br>Debtor. | Chapter 13 |
| KARSTEN RODVIK,<br><br>Plaintiff,<br><br>v.<br><br>MARY ELLEN MEDDLETON,<br><br>Defendant. | Adversary No. A07-90001-DMD<br><br>**Filed On 4/17/07** |

## MEMORANDUM REGARDING SUMMARY JUDGMENT

Mary Ellen Meddleton represented the debtor, Karsten Rodvik, in a domestic violence action in October of 2003. She also represented him in a subsequent divorce proceeding. The divorce proceeding was contentious and involved the custody of three young children. Meddleton withdrew from her representation of Rodvik in November of 2004, prior to his divorce trial. On January 6, 2005, Meddleton filed a "Notice of Attorney's Lien" in the divorce action for $14,118.43 in unpaid fees. She also recorded the lien notice in the Anchorage Recording District.

Trial in Rodvik's divorce proceeding was held in February, 2005, one month after Meddleton filed, served and recorded her notice. Rodvik represented himself at trial. The divorce decree that was subsequently entered awarded him the marital residence. The following year, on March 29, 2006, Rodvik filed his chapter 13 petition. He now seeks to invalidate Meddleton's claim of lien upon the home.

"There is no common law attorney's lien in Alaska.  In order to have a valid attorney's lien, the requirements of AS 34.35.430 must be met."[1]  AS 34.35.430 provides:

> (a) An attorney has a lien for compensation, whether specially agreed upon or implied, as provided in this section
>
> (1) first, upon the papers of the client that have come into the possession of the attorney in the course of the professional employment;
>
> (2) second, upon money in the possession of the attorney belonging to the client;
>
> (3) third, upon money in the possession of the adverse party in an action or proceeding in which the attorney is employed, from the giving of notice of the lien to that party;
>
> (4) fourth, upon a judgment to the extent of the costs included in the judgment or, if there is a special agreement, to the extent of the compensation specially agreed on, from the giving of notice of the lien to the party against whom the judgment is given and filing the original with the clerk where the judgment is entered and docketed.
>
> (b) The lien described in (a) of this section is superior to all subsequent liens except tax liens.  *The lien is a charge on the action*, and the parties to the action may not extinguish or affect the attorney's lien by any means, including settlement, other than by satisfying the underlying claim of the attorney for the fees and costs incurred in connection with the action.  Nothing in this subsection precludes a party from contesting an attorney's lien under applicable law.[2]

---

[1] *In re Sea Catch, Inc.*, 36 B.R. 226, 230 (Bankr. D. Alaska 1983), *citing Pitcher Const. Co. v. United States ex. rel. Wright Bros. Const. Co.,* 322 F.2d 843, 845 (9th Cir. 1963).

[2] AS 34.35.430 (emphasis added)(LexisNexis 2006).

2

Alaska's statutory attorney lien provision has existed, in substantially the same form as found in AS 34.35.040(a), since 1913.[3] Subsection 34.35.340(a)(4), which provides for an attorney's lien upon a judgment, creates a charging lien.[4]

> This special, particular, or charging lien is the right of an attorney . . . to receive his fees in money expended on behalf of his client from a fund recovered through his efforts, and also the right of the court to interfere to prevent payment by the judgment debtor to the creditors in fraud of his right to the same, and also to prevent and set aside assignments or settlements made in fraud of his right.[5]

Unlike several other statutory lien provisions,[6] the attorney's lien statute does not provide for the recordation of the lien.[7] And even in instances where a statutory lien may be recorded against specific property, the lien remains a charge on such property only for a limited

---

[3]*See In re Winston's Lien*, 6 Alaska 482, 484-85 (D. Alaska Terr. 1922).

[4]*Id.* at 483.

[5]*Id.* at 483-84.

[6]*See* AS 34.35.070 (providing for the recordation of a mechanic's lien upon buildings improved by the claimant's labor or materials); AS 34.35.160 (providing for the recordation of a lien for work performed on mines, wells, mills, or in the extraction of minerals); AS 34.35.185 (providing for the recordation of a lien upon chattels which have been improved by claimant's work); AS 34.35.240 (providing for the recordation of timber liens); AS 34.35.330 (providing for the recordation of a lien against fish products or the fish processing plant by fish packers or processors); AS 34.35.391 (allowing the recordation of a fisherman's lien); AS 34.35.405 (permitting the recordation of a lien for a watchman's services upon the real or personal property under his care); AS 34.35.440 (authorizing the recordation of a wage lien against products or goods worked upon by a claimant); AS 34.35.460 (permitting the recordation of a lien by a hospital, physician or nurse).

[7]There are a few other statutory liens which do not expressly permit recordation of the lien. For example, AS 34.35.225 provides that a carrier, warehouse or livestock lien may be satisfied only by the sale, after notice, of the property in the possession of the lien claimant. A hotel or boardinghouse lien is created only to the extent of the guest's personal possessions located at the hotel or boardinghouse (AS 34.35.510), and the lien is foreclosed by the sale, after notice, of these possessions (AS 34.35.520).

3

period of time, typically six months, unless a civil action to foreclose the lien is timely filed.[8] The statutory lien, alone, cannot encumber the affected property indefinitely.

The attorneys lien authorized by AS 34.35.340(a)(4) is a lien upon the judgment, only. It is perfected by filing the lien with the court clerk where the judgment is entered and giving notice of the lien to the party against whom the judgment is entered.[9] Post-judgment, lien enforcement should be sought through the courts;[10] there is no provision for recordation of the lien outside of the action. Nor has Ms. Meddleton reduced her claim for fees to a judgment, which could have been recorded as a lien against the debtor's real property.[11]

Ms. Meddleton argues that the intent of the attorney's lien statute is remedial and its provisions should be liberally construed. The Alaska statutes do so provide, with regard to the statutory liens permitted under Chapter 35.[12] But Alaska courts have long held that the provisions which give rise to the creation of the lien itself must be strictly

---

[8]The following statutes provide that the lien will bind the affected property for no more than 6 months from recordation unless suit is brought to enforce the lien: AS 34.35.080 (mechanic's lien); AS 34.35.165 (lien on mines and wells); AS 34.35.205 (chattel lien); AS 34.35.260 (timber lien); AS 34.35.345 (fish packers and processors lien); AS 34.35.415 (watchman's lien); AS 34.35.445 (lien for wages).

[9]*Sheehan v. Estate of Gamberg*, 677 P.2d 254, 257 (Alaska 1984).

[10]*See, e.g., Sea Catch*, 36 B.R. at 229 (attorneys moved for disposition of proceeds received in execution on a judgment to satisfy their lien); *Sheehan*, 677 P.2d at 256-57 (attorney filed a motion to confirm and enforce his attorney's lien against certain assets which were to be transferred to his client under the provisions of a divorce decree.)

[11]AS 09.30.010.

[12]AS 34.35.930.

construed.[13] The attorney's lien statute does not provide for the recordation of this type of lien. Ms. Meddleton's recorded notice of lien is invalid as a lien against the debtor's home.[14]

The plaintiff's motion for summary judgment will be granted. The prayer in the plaintiff's complaint requests an award of attorney's fees and costs. Costs may be awarded to the plaintiff.[15] Moreover, as the issues in this proceeding were resolved under applicable state law, the plaintiff is entitled to an award of attorney's fees.[16]

An order will be entered consistent with this memorandum.

DATED: April 17, 2007.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge


Serve:      R. Crowther, Esq. (for plaintiff)
Pro Se Defendant
P. Gingras, Adv. Case Manager - served 4/17/07 - pg.

```
04/17/07
```

---

[13] *See, e.g., Nerox Power Sys. v. M-B Contracting Co., Inc.*, 54 P.3d 791, 800-801 (Alaska 2002); *Sullens & Hoss, Inc. v. Farvour*, 117 F.Supp. 535, 538 (D. Alaska Terr. 1954); *Johnson v. Halls*, 7 Alaska 638, 639-40 (D. Alaska Terr. 1927); *In re Craig Lumber Co.*, 6 Alaska 356, 360 (D. Alaska Terr. 1921).

[14] AS 34.35.950(a). A "nonconsensual common law lien" is invalid unless it is authorized by court order. AS 34.35.950(d)(2) defines such a lien as "a lien on real or personal property that
    (A)    is not provided for by a specific state or federal statute;
    (B)    does not depend on the consent of the owner of the property affected for its existence; and
    (C)    is not an equitable, constructive, or other lien imposed by a court recognized under state or federal law;

[15] Fed. R. Bankr. P. 7054(b).

[16] *Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441-42 (9th Cir. 1997).

5